UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALBANE,

        Petitioner,        Case Number: 5:15-CV-11423
                                HON. JOHN CORBETT O'MEARA

v.

MARY BERGHUIS,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

This is a habeas case under 28 U.S.C. § 2254. Petitioner Michael Albane is a state inmate at the Brooks Correctional Facility in Muskegon, Michigan. He challenges his conviction for first-degree felony murder. In addition to his habeas petition, Petitioner filed a Motion to Hold Petition for Writ of Habeas Corpus in Abeyance. The Court grants the motion.

### I.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of first-degree felony murder. He was sentenced to life imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, arguing that the prosecution presented insufficient evidence to sustain his conviction, the trial court erred in telling the jury that Petitioner was charged with first-degree murder, and the

judgment of sentence incorrectly listed the conviction as first-degree premeditated murder rather than first-degree felony murder.  The Michigan Court of Appeals affirmed Petitioner's conviction and remanded for a correction of the judgment of sentence. *People v. Albane,* No. 304331, 2013 WL 1137130 (Mich. Ct. App. March 19, 2013).  The Michigan Supreme Court denied Petitioner's application for leave to appeal, *People v. Albane*, 495 Mich. 912 (Mich. Dec. 23, 2013), and denied Petitioner's motion for reconsideration.  *People v. Albane*, 495 Mich. 951 (Mich. Feb. 28, 2014).

Petitioner has now filed a petition for a writ of habeas corpus.  He raises these claims: (i) insufficient evidence presented to sustain his conviction; (ii) jury returned a verdict of first-degree premeditated murder where Petitioner was charged with first-degree felony murder; and (iii) ineffective assistance of trial and appellate counsel.  Petitioner also filed a motion to hold habeas petition in abeyance.

**II.**

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  Petitioner asks for a stay so that he may exhaust his ineffective assistance of trial and appellate counsel claims in state court.

A prisoner who has not yet exhausted state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*, 544 U.S. 269 (2005).  A federal court may stay a federal

habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner argues that his unexhausted claims were not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present his claims in state court. In addition, the Court finds that Petitioner's claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the

3

petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted). At this time, the Court makes no finding as to the timeliness of this petition.

### III.

Accordingly, it is ORDERED that Petitioner's Motion to Hold Petition for Writ of Habeas Corpus in Abeyance [dkt. #2] is GRANTED. The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay in this Court within sixty days after the conclusion of the state court proceedings.

It is further ORDERED that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: August 26, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 26, 2015, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager